Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2144 | **DATE** | 1/22/2013 |
| **CASE TITLE** | Cooper, et al. vs. Dailey, et al. | | |

**DOCKET ENTRY TEXT**

Before the Court are Defendants' motions for judgment as a matter of law pursuant to Rule 50(a) [344] and Defendants' motion for judgment notwithstanding the verdict pursuant to Rule 50(b) or, in the alternative, for a new trial pursuant to Rule 59(a) or remittitur [364]. Also before the Court is Plaintiffs' motion to reopen *Monell* discovery [352] and Defendant City of Chicago's motion to bar the *Monell* claim for lack of jurisdiction [360]. For the reasons stated below, Defendants' Rule 50(a) motion [344] is denied as moot and the *Monell* motions [352, 360] are stricken as moot. The parties are directed to submit to the Court's Proposed Order Box a clean copy of the agreed certification resolving Plaintiffs' *Monell* claim [see 360, 386, 392]. The parties are also directed to amend their Rule 50(b) motion [364] and response [372] to include citations to the trial transcript. If the pertinent transcripts have not yet been obtained, the parties are to consult with the Court Reporter and submit no later than 2/1/2013 a proposed schedule for submitting the briefs with citations to the trial transcript.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

At the end of Plaintiffs' case-in-chief, Defendants moved for judgment as a matter of law pursuant to Rule 50(a) [344]. The Court took Defendants' motion under advisement. Soon thereafter, the jury returned its verdict and Defendants timely filed a motion for judgment notwithstanding the verdict pursuant to Rule 50(b) [364]. The jury's verdict and Defendants' Rule 50(b) motion have rendered Defendants' Rule 50(a) motion [344] moot. See, e.g., *Jackson v. Pfeiffer*, 2006 WL 3488844, at *1 n. 1.

As to the renewed motion [364], Defendants' have submitted their motion and supporting memorandum without citations to the pertinent portions of the trial transcript and without including the trial transcript as an attachment to the motion. Those omissions make it extremely difficult, if not impossible for the Court to assess the motion's merit. See *Cobige v. City of Chicago*, 752 F. Supp. 2d 860, 863 n. 1 (N.D. Ill. 2010); *O'Sullivan v. City of Chicago*, 2007 WL 671040, at *3 n. 1 (N.D. Ill. March 1, 2007) (citing *Byrd v. Illinois Dept. of Public Health,* 423 F.3d 696, 700 (7th Cir. 2005) (noting the benefit of trial transcript in evaluation of a motion for judgment as a matter of law); *Petit v. City of Chicago,* 239 F. Supp. 2d 761, 770 (N.D. Ill. 2002) (noting benefit of careful consideration of Rule 50 motions with the benefit of trial transcripts); *Spina v. Forest Preserve Dist. of Cook County,* 207 F. Supp. 2d 764, 769 (N.D. Ill. 2002) (criticizing failure of movant for new trial to cite to relevant portions of trial transcript)). In response to Defendants' motion [372], Plaintiffs stated that "Defendants failed to attach any transcripts and appeared to reference most facts by memory. Plaintiffs will do the same." The absence of citations to the trial transcripts is remarkably unhelpful. The parties must amend their post-trial submissions to include citations to the trial transcript pursuant to the instructions set forth in the Docket Entry Text above.

## STATEMENT

The parties have reached an agreement that resolves Plaintiffs' *Monell* claim [see 360, 386, 392]. Defendant City of Chicago proposed an agreement titled "Certification of Entry of Judgment Against Defendant City of Chicago" [360-1, ex. A]. Plaintiffs responded that they "will accept Defendant City's offer to certify an entry of judgment with the edits suggested below" [386]. In reply, Defendant City of Chicago "accept[ed] plaintiff's offer to accept the stipulation [with Plaintiffs' proposed changes]" [392]. The Court directs the parties to submit by 2/1/2013 to the Court's Proposed Order Box a clean copy of the agreement. In light of that agreement, the pending *Monell* motions [352, 360] are stricken as moot.